ARMSTRONG CLOTHING COMPANY, APPELLEE, v. JAMES A. BOGGS, APPELLANT.

FILED JANUARY 3, 1912.    No. 16,591.

1. **Parent and Child: LIABILITY OF PARENT.** Ordinarily a father is not liable to pay for clothing purchased by his minor son. But where such purchases are made with the father's knowledge and consent, and his conduct is such that the seller may reasonably infer that the father authorized them, he may be held liable therefor.

2. **Evidence: BOOKS OF ACCOUNT: ADMISSIBILITY.** An account kept by a tradesman in a book called a loose-leaf ledger, shown to be his book of original entries, and which contains many successive charges against the defendant and other persons, made in the usual course of business and at the time the transactions occurred, upon being properly verified as provided by section 346 of the code, may be admitted in evidence as a book account.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*W. C. Frampton,* for appellant.

*George A. Adams,* contra.

Barnes, J.

Action to recover a balance on account for clothing sold and delivered to defendant and his minor son. The petition was the ordinary declaration to recover a balance due on an assigned account. The defendant for his answer denied that he had purchased any goods whatever from the plaintiff that were not paid for, or that he is indebted to the plaintiff for any goods sold and delivered to him whatever. Defendant admitted that his son, Glen Boggs, was a minor, and denied that his son purchased any goods from the plaintiff or its assignors with his knowledge or consent, and denied each and every allegation of the petition not admitted by the answer. Upon those issues the cause was tried to a jury. The plaintiff had the verdict and judgment, and the defendant has appealed.

It appears that the defendant had an open account with the B. L. Paine Clothing Company of Lincoln, Nebraska, for goods sold and delivered to him and other members of his family, on which from time to time he made partial payments. The B. L. Paine Clothing Company sold and assigned the account to its successor in business, the Adams, Farquhar, O'Neill Company, doing business under the name of the Sterling Clothing Company; and the last named company sold, assigned and delivered the account to the plaintiff. It further appears that the defendant and his minor sons purchased clothing on credit from time to time from the firm above named, which was charged to his account in what is called a loose leaf ledger, which was the book of original entries, and the only one in which the accounts with defendant and other purchasers were kept; that the defendant made partial payments on the account from time to time until the balance due thereon was reduced to $44.85; that there-

after he refused to make any further payments, and thereupon this suit was brought.

Appellant contends that the evidence was insufficient to support the verdict, and that the motion by which he requested the district court to instruct the jury to return a verdict in his favor should have been sustained, for the reason that a parent is not liable for goods sold to a minor, and that the defendant was under no legal obligation to pay for them. This contention, as an abstract proposition of law, is probably sound, but to this general rule there are certain exceptions, one of which is that if the father has knowledge that goods are being purchased, and he suffers them to be purchased, retained and used by his minor son under such circumstances and in such a manner as to give the seller the right to infer that he would be responsible and would pay for them, then in such a case he is liable therefor.

In the case at bar the evidence discloses without dispute that the plaintiff and the members of his family on the 12th day of November, 1906, began to purchase clothing of the B. L. Paine Clothing Company, and thereafter until the 27th day of December, 1907, purchased such articles on credit from time to time; that defendant had knowledge of said purchases, made no objection thereto until some time thereafter, and now makes no objection to any particular item of the account; that he made payments on the account at different times in different sums, amounting in all to $115.55, and there was a balance due upon the account of $44.85, with interest thereon, at the time this action was commenced. It is true that the defendant testified that at one time he told the manager of the company that he would not be responsible for the debts of his minor son; but he was unable to say when this conversation occurred. While, on the other hand, the plaintiff produced evidence tending to show that the defendant had at different times promised to pay the account. Upon this evidence the trial court submitted the question of the defendant's liability to the jury, under

proper instructions, and that question was resolved against him. Therefore, on this branch of the case, it is sufficient to say that, if the evidence is to be believed, the verdict of the jury should be sustained.

Defendant also strenuously contends that the district court erred in receiving the assigned book account in evidence over his objections; and it is argued that it was not admissible as a book account under the provisions of section 346 of the code. It appears, however, that before this evidence was received it was shown by competent testimony that the loose leaf ledger in which the items of account in question were entered was the original and only book of accounts kept by the plaintiff and his assignors; that it contained many successive charges by the B. L. Paine Clothing Company and its successors against the defendant, entered from time to time in the ordinary course of business. It was shown that the dealings were continuous, not only with the defendant, but with other persons, and such dealings were entered in the same book; that the entries were made at the time the transactions occurred. Finally, the account was verified by plaintiff's head salesman, who had held that position with the plaintiff and its predecessor and assignors for many years, including the time when the goods in question were purchased. This witness also testified that he saw many of the charges made, that they were all in the handwriting of the bookkeeper, and were correct. It was further shown that at the time of the trial the residence of the bookkeeper was not known, and the plaintiff was unable to procure her testimony. It therefore seems clear that the testimony relating to the book account, the manner in which it was kept, and the verification thereof, was sufficient to make it competent evidence in this case.

From a careful examination of the record and bill of exceptions, it appears that the cause was fairly tried; that it was submitted to the jury under proper instructions; and, finding no reversible error in the record, the judgment of the district court is

AFFIRMED.